IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| Jessica Isom, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.  1:20-cv-1950 |
| Harris & Harris, Ltd., an Illinois corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Jessica Isom, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

**PARTIES**

3. Plaintiff, Jessica Isom ("Isom"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a defaulted consumer debt that she allegedly owed for medical services to Indiana University Health Care Association.

4. Defendant, Harris & Harris, Ltd. ("Harris"), is an Illinois corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses

the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts. Harris operates a defaulted debt collection business, and attempts to collect debts from consumers, including consumers in the State of Indiana. In fact, Defendant Harris was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant Harris is authorized to conduct business in the State of Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A. In fact, Defendant Harris conducts business in Indiana.

6. Defendant Harris is licensed as a debt collection agency in the State of Indiana, see, record from NMLS Consumer Access, attached as Exhibit B. In fact, Defendant Harris acts as a collection agency in Indiana.

## FACTUAL ALLEGATIONS

7. Due to financial difficulties, Plaintiff was unable to pay her debts, including a medical debt she allegedly owed to Indiana University Health Care Association. Defendant Harris attempted to collect this debt from her via negative credit reports. Unsure about Defendant Harris, and unsure of the amount of the debt, Ms. Isom consulted with counsel about her debt issues and the debt that Harris was trying to collect.

8. Accordingly, Ms. Isom's attorney wrote to Defendant Harris, via letters dated May 21, 2020 and May 26, 2020, to dispute the debt Harris was trying to collect. Copies of these letters are attached as Group Exhibit C.

9. On July 20, 2020, Ms. Isom obtained and reviewed a copy of her TransUnion and Experian credit reports, which showed that Defendant Harris had

continued to report the debt, but had failed to note that the debt was disputed. The pertinent part of Ms. Isom's Experian and TransUnion credit reports are attached as Group Exhibit D.

10. Defendant's violations of the FDCPA were material because Defendant's failure to note that the debt was disputed when Defendant reported, or continued to report, the debt on Plaintiff's credit report impaired her credit rating and her ability to obtain credit. Moreover, Defendant's failure to note, when reporting the debt on Plaintiff's credit report, that the debt was disputed made it appear to Plaintiff that she did not actually have the right to dispute the debt. Defendant's collection actions alarmed, confused and distressed Ms. Isom and impacted her credit score.

11. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

12. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692e Of The FDCPA –
### False or Misleading Representations

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692e(8) of the FDCPA prohibits debt collectors from communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, see 15 U.S.C. § 1692e(8)("…the following conduct is a violation of this section…including the failure to communicate that a disputed debt is

disputed…"); see also, Evans v. Portfolio Associates, 889 F.3d 337 (7th Cir. 2018); Sayles v. Advanced Recovery Systems, 865 F.3d 246 (5th Cir. 2017); and Brady v. Credit Recovery, 160 F.3d 64, 65 (1st Cir. 1998).

15. Defendant, by continuing to report the debt to a credit reporting agency when it knew the debt was disputed by the consumer, and failing to report that the debt was disputed, used false, deceptive or misleading statements, in violation of § 1692e(8) of the FDCPA.

16. Defendant's violations of § 1692e(8) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692f Of The FDCPA --
## Unfair Or Unconscionable Collection Actions

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

19. Defendant, by continuing to report the debt to a credit reporting agency, when it knew the debt was disputed by Plaintiff, and failing to report that the debt was disputed, used an unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

20. Defendant's violations of § 1692f of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Jessica Isom, prays that this Court:

1. Find that Defendant's collection practices violate the FDCPA;

2. Enter judgment in favor of Plaintiff Isom, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Jessica Isom, demands trial by jury.

Jessica Isom,

By: /s/ David J. Philipps\
One of Plaintiff's Attorneys

Dated: July 24, 2020

David J. Philipps     (Ill. Bar No. 06196285)\
Mary E. Philipps     (Ill. Bar No. 06197113)\
Angie K. Robertson (Ill. Bar No. 06302858)\
Philipps & Philipps, Ltd.\
9760 S. Roberts Road\
Suite One\
Palos Hills, Illinois 60465\
(708) 974-2900\
(708) 974-2907 (FAX)\
davephilipps@aol.com\
mephilipps@aol.com\
angie@philippslegal.com

John T. Steinkamp  (Ind. Bar No. 19891-49)\
John Steinkamp & Associates\
5214 S. East Street\
Suite D1\
Indianapolis, Indiana 46227\
(317) 780-8300\
(317) 217-1320 (FAX)\
John@johnsteinkampandassociates.com

5